UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Debora Marie Whidbee,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Esq. Mark L. Debenedittis,<br><br>                              Defendant. | 2:24-cv-145<br>(NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

Before the Court is a Motion for Leave to Proceed *in forma pauperis* ("IFP") and a Motion for an Order to Show Cause ("OTSC Motion") filed by *pro se* Plaintiff Debora Marie Whidbee ("Whidbee"). IFP Mot., ECF No. 2; OTSC Mot., ECF No. 3. For the reasons set forth below, the Court grants Plaintiff's Motion for Leave to Proceed IFP, dismisses Plaintiff's Complaint with leave to amend, and denies Plaintiff's OTSC Motion without prejudice.

## PROCEDURAL HISTORY

On January 8, 2024, Whidbee filed a Complaint in this action against Defendant Mark L. DeBenedittis, alleging that Plaintiff was evicted on November 30, 2023 and that DeBenedittis "work[ed] for my lawyer" and "did a Fake application in my Name." Compl., ECF No. 1 at 4. The Complaint further states that Whidbee was evicted on January 3, 2024 and alleges:

> He was very bias and very Dicrimnation To me and not fill out I form me to move and he said He was so I will not my section 8. I sue Him, for $20,000 for me being out on the street. Just had a baby last year 2022 in I had my section 8 for 5 years – am Looking for a fair Ofer I Keep my housing OR He get a Lawsuit. . . . I was in danger I Report it To my landLord and my section work – in I have a month To month Lease in I Had 18 Fights OVer There – nobody Help me.

1

*Id.* at 5–6 (errors in original). Whidbee filed a Motion for Leave to Proceed IFP and a Motion for an OTSC on the same day that she filed the Complaint. IFP Mot.; OTSC Mot. The OTSC Motion states: "Landlord Lawyer – Mark Debenedittis did a Erap False application I apply for Erap applic. . . .   I am Looking for Section 8 housing to transfer me out. I complained about unsafe complex where I was Hurt. . . . I have Emergency Eviction. I need help moving and Keeping Section 8." OTSC Mot. at 1. There is no evidence in the record showing that Defendant has been served with the Complaint or OTSC Motion, making Whidbee's OTSC Motion an *ex parte* application.

## LEGAL STANDARD

The Supreme Court has made clear that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, this Court must "construe Plaintiff's *pro se* complaint liberally to raise the strongest arguments that it suggests." *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020).

The Second Circuit has established a two-step procedure by which the district court first considers whether a plaintiff qualifies for IFP status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*) ("If the plaintiff demonstrates poverty, he should be permitted to file his complaint in forma pauperis. Then the court may properly consider dismissing the complaint as frivolous."). If a Court grants a litigant leave to proceed IFP, "Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if[,]" *inter alia*, "the action is frivolous" or "fails to state a claim on which relief may be granted . . ." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 480 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016); 28 U.S.C. § 1915(e)(2)(B)(i-

iii). "The Court is required to dismiss the action as soon as it makes such a determination." *Caldwell*, 83 F. Supp. 3d at 480.

## DISCUSSION

### I.     Motion to Proceed *In Forma Pauperis*

The Court has reviewed Plaintiff's IFP application and finds that Whidbee is qualified by her financial status to commence this action without the prepayment of the filing fee. Therefore, Plaintiff's Motion for Leave to Proceed IFP is granted.

### II.    The Complaint

The Courts finds that Plaintiff's Complaint fails to state a claim and fails to establish that this Court has subject matter jurisdiction over this action. Accordingly, Plaintiff's Complaint is dismissed with leave to amend.

A.  <u>Sufficiency of the Pleadings</u>

To state a claim, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

When determining whether a complaint has properly stated a claim, a court must "assum[e] all "nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Iqbal*, 556 U.S. at 678). In this analysis, Courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing to *Erickson*, 551 U.S. 89).

Taking as true all of the factual allegations in Whidbee's Complaint and interpreting the Complaint liberally in light of Whidbee's *pro se* status, the Court finds that the Complaint fails to state a claim. As an initial matter, Whidbee cites no case or statute under which she brings this case. Even affording the most liberal interpretation to Whidbee's allegations and assuming that Whidbee may have sought to bring claims of discrimination and fraud, Whidbee fails to allege facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citation omitted). For example, while Whidbee claims that Defendant was biased and discriminated against her, Compl. at 5, Whidbee does not provide any further allegations about this alleged bias and discrimination beyond that conclusory allegation. The Complaint further alleges that Defendant "did a Fake application in [Whidbee's] Name." *Id.* at 4. Without additional factual allegations, however, the Court cannot find reasonably infer that Defendant is liable for filing out a fake housing application in Whidbee's name. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("[T]hough we are obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, we cannot invent factual allegations that [the plaintiff] has not pled."). Because Whidbee fails to state a claim, the Court must dismiss the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

B. <u>Subject Matter Jurisdiction</u>

The Court must further dismiss the Complaint because it fails to establish facts supporting this Court's subject matter jurisdiction. Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *see also Lussier*, 211 F.3d at 700–

01. This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

The Complaint alleges that this Court has jurisdiction under a federal statute. *See* Compl. at 4 (checking box stating that "the basis for federal court jurisdiction" is "Federal question"). As previously noted however, even construing the Complaint in the light most favorable to Plaintiff, Plaintiff does not allege a legitimate claim under a federal law. Thus, Plaintiff has not sufficiently alleged that this Court has federal question jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Further, even if the Court could liberally construe the Complaint to have alleged a state law claim, the Complaint does not allege sufficient facts to support diversity jurisdiction under 28 U.S.C. § 1332(a). The first requirement of diversity jurisdiction—that there is complete diversity of citizenship between the plaintiff and the defendants—means that a plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). The Complaint alleges that Plaintiff's address is in Bayshore, New York, and that Defendant's address is in Smith Town, New York. *See* Compl. at 2. Even if the Court liberally interpreted those allegations to allege that the parties are domiciled in those respective locations, the parties would be citizens of the same state. Thus, the parties are not completely diverse as required for this Court to exercise jurisdiction under 28 U.S.C. § 1332(a).

The second requirement of diversity jurisdiction—an amount in controversy that exceeds $75,000—is equally important. *See* 28 U.S.C. § 1332(a). "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy

requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* But a defendant may rebut that presumption by demonstrating "to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Id.*; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Here, Whidbee alleges that Defendant "owes $5,403 Rent." Compl. at 2. Elsewhere in the Complaint, Whidbee states: "I sue Him for $20,000 For me being out on the street" and Whidbee further includes a letter stating: "I shot deal For Rental For apartment and also $5,300.00 To pay my landlord Off so I can keep my section 8." *Id.* at 12. Even liberally construing all these figures as contributing toward the amount in controversy in this case, Plaintiff only alleges a total of $30,703 in controversy, which is less than the $75,000 threshold. As such, Plaintiff has not sufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332(a).

C. Leave to Amend

While the Court must dismiss Plaintiff's Complaint for the reasons stated above, the Court grants Whidbee leave to file an amended complaint. "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal citations omitted); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires." Plaintiff shall file any amended complaint by **February 12, 2024.**

The Court encourages Plaintiff to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. To make an appointment with the *Pro Se* Clinic, send an email to PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

### III.     Motion for Order to Show Cause

The Court interprets Whidbee's OTSC Motion as an application for an *ex parte* temporary restraining order ("TRO"). Given that the Court has dismissed the Complaint for failure to state a claim, Whidbee's TRO application is denied as moot. Indeed, the fact that the Complaint fails to state a claim necessarily means that Whidbee fails to demonstrate a likelihood of success—or even a serious question—on the merits of her claim, as required for this Court to issue a TRO. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n,* 883 F.3d 32, 37 (2d Cir. 2018) (A party seeking a preliminary injunction must establish, among other things, "either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party."); *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020) (same standard applies to TROs). The Court need not consider the other requirements that Whidbee would have to demonstrate to succeed on a motion for an *ex parte* TRO. *See id.; N. Am. Soccer League, LLC*, 883 F.3d at 37; Fed. R. Civ. P. Rule 65(b)(1) (requirements for the issuance of an *ex parte* TRO).

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion for Leave to Proceed IFP, dismisses the Complaint with leave to amend, and denies Whidbee's OTSC Motion as moot. Any amended complaint shall be filed by **February 12, 2024.**

The Clerk is directed to mail a copy of this order to Plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York

**January 12, 2024**

                                              /s Nusrat J. Choudhury
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge